Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (OAJP-2021-086)

| IRIS NEREIDA BERRIOS SÁNCHEZ<br><br>Apelante<br><br>v.<br><br>MUNICIPIO DE RÍO GRANDE, ESTADIO OVIDIO DE JESÚS Y OTROS<br><br>Apelados | KLAN202400171 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: FA2020CV00591<br>Salón: 302<br><br>Sobre: Daños y Perjuicios |

Panel especial integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y el Juez Marrero Guerrero.

Carlos Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de abril de 2024.

Comparece la señora Iris Nereida Berríos Sánchez (señora Berríos Sánchez o apelante) vía recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Fajardo, emitida el 14 de diciembre de 2023. Mediante dicho dictamen, se desestimó la demanda de la apelante con perjuicio por no demostrar evidencia que justifique su causa de acción. Por los fundamentos que expresamos a continuación, confirmamos la *Sentencia* recurrida.

En síntesis, el caso de epígrafe trata de una demanda de daños y perjuicios presentada contra el Municipio de Río Grande y el Estadio Ovidio de Jesús (conjuntamente, "apelados"), entre otros. En el 19 de octubre de 2019, al salir de una actividad en el referido estadio hacia el

Número Identificador

SEN2024 _____

estacionamiento, la señora Berríos Sánchez se tropezó o deslizó con un escalón y cayó al piso, acto que según alegó le causó varios daños físicos y, en consecuencia, mentales y emocionales. Por lo anterior, a mediados del 2020, la señora Berríos Sánchez presentó una demanda, y su respectiva enmienda, contra los apelados por negligencia y omisión al no cumplir con su responsabilidad de proteger a los visitantes, permitir que existiera una condición peligrosa mientras sabían o debían saber sobre la misma, y al incumplir con los reglamentos de diseño, construcción, mantenimiento y/u operaciones aplicables.

Posteriormente, el 24 de mayo de 2023, el foro primario ordenó que el periodo de descubrimiento de prueba concluyera el 29 de septiembre de 2023. Además, por las dudas sobre dónde ocurrió exactamente la caída en controversia, el Tribunal ordenó a la señora Berríos Sánchez a (1) acudir al estadio con los abogados de todas las partes para solo identificar el lugar de la caída, o (2) informar el referido lugar a su representación legal para que lo visite con los abogados de las otras partes. El expediente no demuestra que la señora Berríos Sánchez hubiera cumplido con alguna de las referidas alternativas.

Por lo antes dispuesto, los apelados solicitaron una sentencia sumaria por insuficiencia de prueba, a la cual la señora Berríos Sánchez se opuso sin impugnar los argumentos sobre el lugar de los hechos o articular con solvencia el modo en que los apelados han incumplido con su responsabilidad y con los reglamentos de diseño y construcción. En consecuencia, el foro primario desestimó sumariamente el caso por insuficiencia de prueba. Poco después, el mismo Tribunal resolvió sin lugar la solicitud de reconsideración de la apelante, cual incluía una foto del alegado lugar de los hechos y la antes referida deposición.

Insatisfecha, la señora Berríos Sánchez acudió a este Tribunal para alegar que el Tribunal de Primera Instancia erró al (1) no considerar que las solicitudes de sentencia sumaria no estuvieron fundamentadas en los elementos de una causa de acción por daños y perjuicios; (2) no determinar que no procedía la desestimación del caso a tenor con las Reglas 34 y 36 de Procedimiento Civil; y (3) no considerar que la parte demandante no venía obligada a presentar prueba pericial. Oportunamente, los apelados se opusieron al recurso de apelación, argumentando en resumidas cuentas que (1) la apelante no cumplió con los requisitos de la Regla 36 de *Procedimiento Civil*, y (2) no tiene evidencia suficiente para justificar su causa de acción.

Vale recordar que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *Const. José Carro v. Mun. Dorado*, 186 DPR 113 (2012). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán v. Municipio Autónomo de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*. Véase también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010).

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de *Procedimiento Civil*. Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Ahora bien, la solicitud de sentencia sumaria, al igual que su oposición, debe incluir una relación concisa y organizada, y en párrafos enumerados, de todos los hechos esenciales sobre los cuales hay o no hay controversia sustancial, con indicación de los párrafos o las páginas de la prueba admisible en evidencia donde se establecen estos hechos. Regla 36.3 de Procedimiento Civil, *supra*. De no cumplirse con los requisitos de forma, el foro primario no estará obligado a considerar aquellos hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen. Íd. Véase, también, *Zapata Berríos v. J.F. Montalvo Cash & Carry, Inc.*, 189 DPR 414 (2013).

Asimismo, el foro primario no podrá considerar como prueba meras alegaciones y teorías, es decir, la parte que se opone a la solicitud

de sentencia sumaria deberá refutar los hechos materiales con evidencia sustancial. *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120 (citando a *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021); *Ramos Pérez v. Univisión PR, Inc., supra*); *Pereira Suárez v. Jta. de Directores*, 182 DPR 485 (2011) (citando a *Alberty v. Bco. Gub. de Fomento*, 149 DPR 655 (1999); *Pueblo v. Amparo*, 146 DPR 467 (1998); *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497 (1994); *Ramos, Escobales v. García González*, 134 DPR 969 (1993); *Defendini Collazo et al. v. ELA, Cotto*, 134 DPR 28 (1993)). Es insuficiente que la parte demandante presente mediante declaraciones juradas conclusiones reiteradas de las alegaciones de la demanda, sin conocer personalmente de los hechos. *Ramos Pérez v. Univisión PR, Inc., supra* (J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. JTS, 2000, T. I, pág. 609). No obstante, si la parte promovida no presenta prueba que controvierta la evidencia del promovente, la moción no procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo Arocho v. Dpto. de Hacienda*, 2023 TSPR 80 (citando a *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Rodríguez García v. UCA*, 200 DPR 929 (2018); *Roldán Flores v. M. Cuebas*, 199 DPR 664, 677 (2018)).

A esos efectos, la parte demandada puede solicitar sentencia sumaria por insuficiencia de prueba cuando la parte demandante no cuenta con evidencia suficiente para probar su causa de acción. *Rodríguez Méndez et al. v. Laser Eye Surgery Mgmt. of PR, Inc., et al.*, 195 DPR 769 (2016) (citando a *Pérez v. El Vocero de PR*, 149 DPR 427 (1999)). Ante esto, el promovente debe demostrar que (1) el juicio

a su fondo es innecesario; (2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial; y (3) como cuestión de derecho procede la desestimación de la reclamación. Íd. (citando a *Ramos Pérez v. Univisión PR, Inc.*, *supra*). No obstante, para desestimar sumariamente un pleito por insuficiencia de prueba es indispensable que se le haya brindado a la parte promovida amplia oportunidad para realizar un descubrimiento de prueba adecuado. Íd. Si al concluir el periodo de descubrimiento de prueba la evidencia no satisface los elementos necesarios para establecer la causa de acción, no será suficiente para evadir la desestimación la mera reclamación de que la parte promovida merece su "día en corte". Íd.

A raíz de ello, el descubrimiento de prueba existe bajo una política de liberalidad y amplitud que no es absoluta. *Rivera Gómez v. Arcos Dorados PR, Inc.*, 2023 TSPR 65 (citando a Regla 1 de Procedimiento Civil, *supra*; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022); *Rivera et al. v. Bco. Popular*, 152 DPR 140 (2000)). Es esencial que los tribunales garanticen una solución justa, rápida y económica del pleito, siempre y cuando las limitaciones que le impongan al descubrimiento de prueba sean razonables. Íd. (citando a *Rivera et al. v. Bco. Popular*, *supra*; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2.ª ed., San Juan, Pubs. JTS, 2011, T. III, pág. 837).

Cónsono con lo anterior, el *Código Civil* de 1930 obliga a cualquier persona o entidad que causa daño por omisión o negligencia, a reparar el daño causado. Art. 1802 del Código Civil de 1930, 31 LPRA ant. sec. 5141. De la parte perjudicada reclamar resarcimiento por los daños sufridos, esta deberá establecer (1) la existencia de un

daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado; y (3) el acto u omisión cual tiene que ser culposo o negligente. *Pérez Hernández et al. v. Lares Medical Center, Inc. et al.*, 207 DPR 965 (2021) (citando a *López v. Porrata Doria*, 169 DPR 135 (2006)).

De igual modo, la culpa o negligencia es la falta u omisión del debido cuidado al no anticipar y prever las consecuencias racionales de un acto que una persona prudente habría previsto en las mismas circunstancias. *Siaca v. Bahía Beach Resort & Golf Club, LLC. et al.*, 194 DPR 559 (2016) (citando a *Toro Aponte v. ELA*, 142 DPR 464, 473 (1997)). De alegarse responsabilidad por omisión, es necesario evaluar (1) la existencia o inexistencia de un deber jurídico de actuar por parte del alegado causante del daño, y (2) si de haberse realizado el acto omitido se hubiera evitado el daño. Íd. (citando a *Toro Aponte v. ELA*, *supra*, pág. 474). La mera ocurrencia de un accidente no puede constituir prueba concluyente demostrativa de conducta lesiva antijurídica de la parte demandada. *Colón González v. K-Mart*, 154 DPR 510 (2001) (citando a J. Santos Briz, *Comentarios al Código Civil y compilaciones forales* (M. Albaladejo, ed.), Madrid, Ed. Rev. Der. Privado, 1984, T. XXIV, pág. 104).

De conformidad con los hechos del presente caso, el Tribunal de Primera Instancia no erró al desestimar sumariamente la demanda. Ciertos hechos materiales están en controversia solo por la apelante fallar en presentar evidencia o documentación que demuestre que los apelados podrían tener alguna responsabilidad por la caída, e incumplir con la orden del foro primario de indicar físicamente el lugar donde alegadamente ocurrió el daño. Más bien, la señora Berríos Sánchez, en

su oposición a las solicitudes de sentencia sumaria, repitió las alegaciones dispuestas en su demanda y la subsiguiente enmienda, a la vez que concluyó sin fundamento que los apelados incumplieron con su responsabilidad.

Además, la apelante tuvo más que suficiente tiempo para completar su proceso de descubrimiento de prueba; de necesitar más tiempo, la apelante pudo haber solicitado una prórroga. No obstante, la señora Berríos Sánchez no planteó nada concreto, claro o a lo cual se pudiera este foro referir para acoger su oposición, sino una foto del alegado lugar de los hechos y la deposición, pero solo después de que el Tribunal apelado hubiese desestimado sumariamente el caso. Por lo tanto, este Tribunal, al igual que el foro primario, no tiene la evidencia suficiente para determinar que existe la causa de acción de daños y perjuicios.

Por los fundamentos expresados, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones